UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

ARTHUR T. MITCHELL                                  NUMBER 04-4-JJB-SCR

RULING ON MOTION FOR PRODUCTION OF TRANSCRIPTS

Before the court is the defendant's Motion for Production of Plea/Trial Hearing and Sentencing Transcripts (Verbatim Copies). Record document number 58.

Defendant seeks production of these transcripts "free of charge," i.e. paid for by the Untied States of America. Transcripts of the defendant's guilty plea and first sentencing were prepared in connection with the defendants's appeal and were provided to his attorney.[1] Defendant's appeal was granted in part and the case was remanded for re-sentencing.[2] Following re-sentencing on April 13, 2006,[3] the defendant did not appeal the new sentence and did not file a motion under 28 U.S.C. § 2255.

Defendant's motion does not indicate any anticipated use for

---

[1] Record document numbers 43, 44, 45 and 46.

[2] Record document number 53.

[3] Record document number 54.

the transcripts.[4] Defendant apparently just wants to have copies of the transcripts. The state court cases cited by the defendant in support of his motion are not applicable.

A prisoner proceeding in forma pauperis on a habeas corpus petition is entitled to receive at government expense copies of court documents. 28 U.S.C. § 2250.

Because the petitioner does not have a 28 U.S.C. § 2255 motion, or any other action pending in the district court, he is not entitled to transcripts. *See United States v. Resendez Paz*, 72 Fed. Appx. 233 (5th Cir. 2003); *Walker v. United States*, 424 F.2d 278, 278-279 (5th Cir. 1970); *Harless v. United States*, 329 F.2d 397, 398-399 (5th Cir. 1964).

Accordingly, the defendant's Motion for Production of Plea/Trial Hearing and Sentencing Transcripts (Verbatim Copies) is denied.

Baton Rouge, Louisiana, January 24, 2011.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] An appeal now would be untimely, as would an application for relief under § 2255.